59 CCPA

**ALPHA CORPORATION, Appellant,**

v.

**COLUMBIA BROADCASTING SYSTEM, INC., Appellee.**

**Patent Appeal No. 8728.**

United States Court of Customs and Patent Appeals.

Aug. 17, 1972.

Esther O. Kegan, Glenn E. Klepac, Melvyn A. Silver, Chicago, Ill., Kegan, Kegan & Berkman, Chicago, Ill., attys. of record, for appellant.

Brumbaugh, Graves, Donohue & Raymond, New York City, attys. of record, for appellee. Mark N. Donohue, Joseph D. Garon, New York City, of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and CLARK, Justice (Ret.), United States Supreme Court, sitting by designation.

CLARK, Associate Justice.

In this appeal Alpha Corporation, appellant-applicant [Alpha], seeks to overturn the decision of the Trademark Trial and Appeal Board[1] sustaining the opposition of Columbia Broadcasting System, Inc., appellee-opposer [CBS], to the registration of Alpha's mark.[2] The board found, on a stipulated record, that in cases "such as this involving two design marks which are not word marks and are not capable of being spoken, the question must be decided primarily on the basis of the visual similarity of the marks." It thought that Alpha's "eye design is similar to opposer's" [CBS]; it believed this to be "quite significant" in view of "opposer's long practice of using its design in connection with letters and numerals"; and it concluded that persons encountering Alpha's goods "are likely to mistakenly assume that they originate with opposer or one of its affiliated companies" and, therefore, denied registration.[3] We do not agree and enumerate our reasons for reversal.

1. *The Parties and Their Marks*:

The stipulation of the parties indicates that Alpha is an Illinois corporation with its principal office in Chicago. It is engaged in the production of all kinds of audio visual materials for educational institutions on a variety of subjects pertaining to religion, science and social studies. It sells its materials in packaged sets comprising a film strip, a recording and a study manual for approximately $100.00 per set. Its sales at

---

1. Reported at 163 USPQ 488 (1969).

2. Appearing in application serial No. 237,-418, filed January 27, 1966 for goods described as "Audio Visual Aids for Education, Namely, Film Strips, Recordings and Study Manuals."

3. Section 2(d) of the Lanham Act, 15 U.S. C. § 1052(d), provides:

No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \*

(d) Consists of or comprises a mark which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive \* \* \*.

the time of the stipulation exceeded $250,000.00 and were largely to schools and churches and through direct salesmen, mail order brochures and periodical advertisements. Since November 1965, Alpha has continuously used as a trademark "a composite design &ast; &ast; &ast; comprising the letter 'A' representing the first initial of both the dominant part of applicant's corporate name 'Alpha' and the word 'audio', with the cross-bar of the letter 'A' being a representation of a human eye, superimposed in part on the cross-bar of the letter A, which design symbolizes the 'visual' portion of applicant's 'audio-visual' business," reproduced below:

[A6219]

All of Alpha's products and advertising display its design mark, and its exhibits show the mark used in association with its corporate name.

CBS, as most people know, is one of the three largest broadcast networks in the United States. It has in excess of 200 television stations that cover the Nation like the dew. Its programs are varied, covering most every facet of our society, some of which are sponsored or produced by groups other than CBS but are advertised under one of the CBS marks. It also adapts or reproduces some of its programs on film to be used as part of the curriculum, services or programs of schools, colleges, churches, etc. The CBS News Division also prepares and distributes books covering the subject matter in CBS television pro-

grams; and other divisions or affiliates sell and distribute educational books, toys, teaching aids, educational films and film strips which do not bear CBS' mark, but the promotional material used in selling the same does bear the mark. All of the goods and services of CBS bear various forms of its mark. The CBS mark is not described in its registrations, nor in the stipulation, but its brief describes it as an abstract design suggestive of a stylized eye, as shown here:

[A6220]

The CBS mark is the subject of Registration No. 645,893, registered May 21, 1957 for "Television Program Broadcasting Services," and has been used in that form on its microphones employed in interviews or speeches, or in association with the title of one of its programs. The mark as shown above has also been used with the letters "CBS" or "CBS Television Network" within the design;[4] with the designation "CBS Television" within the design;[5] with a film spool within the design;[6] and with the letters "CBS," or various station call letters or channel numbers, adjacent the design.

## 2. *The Board's Findings*:

While the board found that CBS was engaged principally in program broadcasting and its visual aids originated as television programs, it concluded that CBS did offer films and printed material as visual aids "that fall, in large part, within the general class of goods described in applicant's [Alpha] application." Indeed, it found that the materials of both parties "could be used in the

4. Registration No. 777,570, granted September 22, 1964 for "Television Broadcasting Services &ast; &ast; &ast;" and Registration No. 650,274, granted August 13, 1957 for "Television Broadcasting Services," respectively.

5. Registration No. 646,111, registered May 28, 1957 for "Mechanically Grooved Phonograph Records."

6. Registration No. 726,283, registered January 9, 1962, for "Motion Picture Television Films."

same curriculum or before the same group." In analyzing the marks, it found a visual similarity in them even though the letter "A" in Alpha's might be "physically the most prominent feature of the mark." It nevertheless concluded that the eye design "is presented in a very prominent and distinctive fashion which would readily catch the eye of a viewer" and cause him to mistakenly assume that Alpha's programs originated with CBS.

### 3. *The Error of the Findings*:

We agree with the board that the question posed here must be decided primarily on the basis of the visual similarity of the marks. On this basis we see little similarity between the marks when we consider them, as we must, in their entireties. See United-Hagie Hybrids, Inc. v. Escambia Chemical Corp., 404 F. 2d 981, 56 CCPA 800 (1969). The difference in appearance of the marks is too obvious to us to hold to the contrary. Even the "eyes," if that is what they be, are quite different in appearance. Before registration is proscribed, Section 1052(d) requires that the marks "so resemble" each other as to be likely to cause confusion or mistake or deception. In our view, the requisite resemblance is decidedly lacking here. Moreover, the board erred, we think, in giving inadequate weight to the nature of CBS' and Alpha's customers. There can be no question that the groups catered to, i. e., teachers, school administrators and religious leaders, comprise a most discriminating group of knowledgeable buyers who are well aware of their needs and sources for their goods and who are not given to making casual purchases of the items here involved. See Daimler-Benz AB v. Consulting Engineers Council, 353 F.2d 539, 53 CCPA 780 (1965). That factor, coupled with the lack of resemblance between the marks, convinces us that confusion, mistake or deception is not likely.

The decision of the board is reversed.

Reversed.