**Application of ATV NETWORK LIMITED.**

**Patent Appeal No. 76–722.**

United States Court of Customs and Patent Appeals.

March 31, 1977.

Joseph F. Brisebois, Arlington, Va. (Brisebois & Kruger Arlington, Va.), attorneys of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Gerald H. Bjorge, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and KASHIWA, Judge, United States Court of Claims.

KASHIWA, Judge.[1]

This is an appeal by ATV Network Limited from a decision of the Trademark Trial and Appeal Board (board) affirming the examiner's refusal to register its mark. We reverse.

ATV Network Limited filed an application to register the mark reproduced below for films prepared for exhibition; magnetized tapes prepared for television purposes; and sound records in the form of discs and magnetized tapes.[2]

The examiner refused registration under section 2(d) of the Lanham Act[3] on the ground that applicant's mark so nearly resembles the mark shown below, registered for television program broadcasting services, as to be likely to cause confusion or mistake, or to deceive.[4]

*The Board*

The board found that the goods described in the application are closely related to the services identified in the cited registration, the sole issue being whether the marks are sufficiently similar so that confusion would be likely. In considering the marks, the board was primarily concerned with the visual impact made by each; visual comparison, it said, is the test by which the issue of likelihood of confusion is to be determined. It then characterized the design element of applicant's mark as an overlapping repetition of the dominant visual impression of the cited mark and as very similar, visually, to the cited mark. Moreover, said the board, one may not appropriate another's mark and avoid likelihood of confusion by adding additional matter thereto.

Furthermore, it stated that the letters "ATV" in applicant's mark are not likely to avoid confusion for three reasons: (1) it is known that different organizations combine on an ad hoc basis to produce and broadcast television programs, and applicant's mark may be perceived as a symbol indicating that the registrant and the applicant are jointly responsible for the product on which the applicant's mark is displayed; (2) the

1. Judge of the United States Court of Claims sitting by designation pursuant to 28 U.S.C. § 293(a).

2. Serial No. 11,221, filed January 17, 1974.

3. Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), provides in pertinent part:
    No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \* \*
    (d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive \* \* \*.

4. Reg. No. 645,893, issued May 21, 1957, to the Columbia Broadcasting System, Inc. This mark is the well known CBS "eye" design.

public knows that television programs are syndicated, i. e., re-released after their initial run. Applicant's mark might suggest that some party known as "ATV" has the syndication rights for a program originally presented by the registrant; and (3) the literal portion of applicant's mark may conceivably be regarded as meaning "a tv . . ." (i. e., abbreviation for "a television").

## OPINION

We agree with the board that the goods described in the application are closely related to the services identified in the cited registration. Certainly, applicant's "magnetized tapes prepared for television purposes" are commercially related to registrant's "television program broadcasting services" in that the tapes are used in supplying such services.

 Turning to the marks, we further agree with the board that, in a case such as this, involving two design marks which are not word marks and are not capable of being spoken, the question must be decided primarily on the basis of visual similarity of the marks. *In re Burndy Corp.*, 300 F.2d 938, 49 CCPA 967, 133 USPQ 196 (1962). On this basis, we see little similarity between the marks when we consider them, as we must, in their entireties. We conclude that the marks are so distinctly different in appearance that they would not be likely, if in concurrent use, to cause confusion, or to cause mistake, or to deceive. While we appreciate that this is necessarily a subjective conclusion, we note our earlier opinion in a strikingly similar case, viz., *Alpha Corp. v. Columbia Broadcasting System Inc.*, 463 F.2d 1098, 59 CCPA 1195, 175 USPQ 31 (1972), in which the primary basis for this court's decision was the visual dissimilarity of the design marks involved.

The decision of the board is, accordingly, *reversed*.

*REVERSED*

RICH, J., dissents.